Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Janice Getty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Janice Getty,<br><br>Plaintiff,<br><br>vs.<br><br>Nelson & Kennard; DCFS Trust, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: SACV13-00287 CJC (MLGx)<br><br>COMPLAINT FOR DAMAGES<br>1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;<br>2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

For this Complaint, the Plaintiff, Janice Getty, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Janice Getty (hereafter "Plaintiff"), is an adult individual residing in Trabuco Canyon, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Nelson & Kennard (hereafter "N&K"), is a California company with an address of 2180 Harvard Street, Sacramento, California 95815-3314, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The Defendant, Mercedes-Benz Financial f/k/a DCFS Trust (hereafter "DCFS") is a company with an address of 30600 Telegraph Road, Suite 2345

Bingham Farms, Michigan 48025, and in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

7. DCFS and N&K attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

8. Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to DCFS (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. On September 22, 2010, DCFS obtained a judgment against Plaintiff for the Debt in the amount of $9,279.96 in Orange County Superior Court (the "Judgment")

12. The Debt was assigned to N&K for collection, or N&K was employed by the Creditor to collect the Debt.

13. In 2010, Getty filed suit against N&K for alleged violations of the FDCPA and Rosenthal FDCPA (the "Federal Action").

3

14. On December 8, 2011, Plaintiff and Defendant entered into a settlement agreement (the "Agreement") to resolve the Federal Action. As part of the Agreement, Plaintiff agreed to make monthly payments and N&K agreed to waive all future accrued interest on the Judgment.

15. Plaintiff has since then been dutifully making her agreed upon payments to N&K on a timely basis.

16. On, November 22, 2012, a new debt collector, Allied Interstate International, sent a letter to Plaintiff stating that the Debt had been assigned to it for collection by DCFS.

17. Allied's letter to Plaintiff caused great confusion and worry insofar as all of the payments required under the Agreement were made on a timely basis to N&K. Moreover, Allied's letter requested payment from Plaintiff on a Debt that she believed to have been resolved, causing Plaintiff to become distressed. Allied's letter further stated that DCFS's attempts to resolve the Debt had been unsuccessful.

18. The amount of the Debt stated in Allied's letter was $5,221.96.

19. Plaintiff thereafter contacted DCFS to discuss her confusion. DCFS advised Plaintiff that the amount owing on the Debt was $5,071.96 and that the account had been referred to Allied Interstate due to nonpayment of the Debt.

20. Thereafter, on or around December 11, 2012, Plaintiff contacted N&K and was advised that DCFS had withdrawn the account from D&K, and that the amount owing on the Debt was $5,095.00.

21.     N&K then contacted Plaintiff on or around December 20, 2012 in an attempt to collect the Debt. N&K advised Plaintiff that the amount owing on the Debt was $6,170.00, and demanded that Plaintiff make payment arrangements or that litigation would ensue.

22.     Insofar as Plaintiff had been dutifully paying N&K in accordance with the Agreement, N&K's threat of litigation and demand for payment caused Plaintiff distress and confusion, and caused Plaintiff to worry that she would again be sued for the same Debt.

23.     Plaintiff thereafter received a letter dated December 19, 2012 from N&K stating that the current balance of the Debt was $9,626.61.

24.     Although N&K agreed that interest would not accrue as stated in the Agreement, the letter from N&K stated that interest in the amount of $346.65 had accrued on the Debt.

25.     During each communication with N&K, DCFS and Allied Interstate, the amount of the Debt continued to change, causing great confusion and worry to Plaintiff. Plaintiff felt confused and unsure who to trust, who to pay, and what to believe, and caused Plaintiff to become increasingly anxious.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. N&K engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. N&K used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29. N&K misrepresented amount of the debt, in violation of 15 U.S.C. § 1692e(2).

30. N&K employed false and deceptive means to collect a debt, including demanding payment and interest contrary to the Agreement, in violation of 15 U.S.C. § 1692e(10).

31. N&K used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

32. The foregoing acts and omissions of N&K constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages from N&K as a result of their violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

34. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36. The Defendants, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37. N&K and DCFS failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

38. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

39. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 from N&K pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 from N&K and DCFS for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 15, 2013                    TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Janice Getty